UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BARRY ANDERSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:17-CV-2778 RLW |
| CITY OF ST. LOUIS JUSTICE CENTER, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $34.82, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff, an inmate at St. Louis City Justice Center, brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are the City of St. Louis Justice Center; Unknown Barns (Superintendent); Dr. Unknown Fluentes; and Corizon Health Medical Inc. Plaintiff states that he sues all defendants in their official and individual capacities.

On July 7, 2017, plaintiff was transferred to the St. Louis City Justice Center from St. Louis University Hospital where he had been treated for a gunshot wound to his foot. He states he was placed in the Justice Center's medical unit. On July 8, 2017, defendant Dr. Fluentes examined plaintiff and changed his medication from Norco 5.325 milligrams every six hours, as needed, to Tylenol #4 two times per day for two to three days, then to Tylenol #3 two times per day for four days. After this course of treatment, plaintiff was moved from the medical unit to cell block 4-A in a wheelchair.

Plaintiff states there was no further follow-up and he received no additional pain medication. Plaintiff states defendants Dr. Fluentes and Superintendent Barns "failed to render medical health care commensurate with community standards," and have violated his Eighth Amendment right to be free of cruel and unusual punishment.

For damages, plaintiff seeks an Order requiring medical staff at the Justice Center to examine his foot, $100,000 for pain and suffering, and punitive damages.

## Discussion

To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). Medical malpractice does not amount to deliberate indifference "merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). An inmate must demonstrate that a prison medical treatment provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240–41 (8th Cir. 1997).

Here, plaintiff was discharged from St. Louis University Hospital to the St. Louis City Justice Center with instructions and prescription information provided by hospital staff. Plaintiff was seen the next day at the Justice Center by Dr. Fluentes, who examined plaintiff and assessed his injury. In the exercise of her medical judgment, Dr. Fluentes prescribed different pain medication than the doctor at St. Louis University Hospital—changing the Norco prescription to Tylenol #4 and later Tylenol #3. Based on plaintiff's complaint, he was treated in the medical unit for seven days with pain medication and then returned to the general population in a wheelchair. Plaintiff states he was not prescribed any additional pain medication.

Having carefully reviewed and liberally construed plaintiff's complaint, the Court has no information from which it could find that defendants Dr. Fluentes or Superintendent Barns knew of, but deliberately disregarded, a serious medical need. Plaintiff's gunshot wound was treated by medical staff at the Justice Center, although Dr. Fluentes modified his prescription pain medications. While plaintiff might disagree with Dr. Fluentes' prescription decisions, mere disagreement with treatment decisions does not rise to the level of a constitutional violation. The Eighth Amendment allows medical care providers to exercise their independent medical

3

judgment. *See Long v. Nix,* 86 F.3d 761, 765 (8th Cir. 1996). "Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Id.* (internal citation omitted).

Importantly, plaintiff has not alleged any facts concerning his current medical condition and whether he requires ongoing treatment. The Court has no information that plaintiff's foot still requires medical treatment, and that continued treatment is being denied deliberately. Because the Court cannot find deliberate indifference in Dr. Fluentes' treatment decision to alter plaintiff's pain medications, and because the Court has no information regarding plaintiff's current medical needs and whether these needs are being denied, the Court finds plaintiff's complaint of Eighth Amendment violations against Dr. Fluentes and Superintendent Barns subject to dismissal under 28 U.S.C. § 1915(e)(2).

Likewise, plaintiff's claims against the City of St. Louis Justice Center and Corizon Health Medical, Inc. are also subject to dismissal under 28 U.S.C. § 1915(e)(2). Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, plaintiff's claim against the St. Louis City Justice Center fails as a matter of law. *See Ballard v. Missouri*, No. 4:13-CV-528 JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"). Finally, plaintiff has not alleged that any policies promulgated by Corizon Health Medical, Inc. injured him in any way, and has not shown any causal relationship between Corizon Health Medical, Inc. and any alleged injuries.

Corizon Health Medical, Inc. is not a proper party to this lawsuit, and therefore will be dismissed pursuant to 28 U.S.C. § 1915. *See, e.g., Arnold v. Corizon, Inc.*, 2015 WL 4206307, *3 (E.D. Mo. Jul. 10, 2015) (finding Corizon Inc. not a proper party to a lawsuit alleging Eighth Amendment violations against Corizon employees in their official and individual capacities).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $34.82 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of May, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

5